PER CURIAM OPINION
{¶ 1} This action in mandamus and prohibition is presently before this court for final consideration of the petition of relator, Stanley Smith. Upon reviewing the factual assertions supporting both claims, we conclude that relator has failed to state a viable basis for either writ because his own assertions indicate that respondent, Judge Ronald W. Vettel of the Ashtabula County Court of Common Pleas, did not exceed the scope of his jurisdiction in rendering a judgment against relator in an underlying criminal matter. As a result, the sua sponte dismissal of this action is warranted under Civ.R. 12(B)(6).
 {¶ 2} The subject matter of this action concerns the legal propriety of relator's conviction in Ashtabula C.P. Case No. 2003-CR-212. According to relator, in July 2003, he was indicted on four felony charges which stemmed from an altercation he had with two police officers. In his subsequent jury trial, he was found guilty of only two of the charges; i.e., one count of felonious assault against a police officer and one count of assault against a police officer. Based upon this verdict, he was then sentenced to a term of imprisonment by a visiting judge who had presided over the trial in the absence of respondent.[1]
 {¶ 3} As the basic grounds for both of his instant claims, relator has asserted in his petition that his conviction on the felonious assault charge should now be declared unenforceable because the jury verdict on that charge was legally flawed. Specifically, he has contended that the verdict was defective because the jury was not required to indicate whether it had found that he had intended to inflict serious physical harm on the police officer. As a result of this alleged flaw, he has further contended that the visiting judge lacked the proper jurisdiction to sentence him to prison.
 {¶ 4} In light of the foregoing, relator has requested this Court to issue a writ of mandamus which would require respondent to vacate the conviction in the underlying case. He has also requested the issuance of a writ of prohibition to enjoin respondent from attempting to exercise any jurisdiction over him in the future.
 {¶ 5} As to the substance of relator's petition, this court would note that, in prior habeas corpus proceedings, we have had the opportunity to address the basic question of the effect of an error in the jury verdict on the jurisdiction of a trial court in a criminal proceeding. For example, in Miller v. Mitchell (Aug. 8, 1997), 11th Dist. No. 97-T-0053, 1997 Ohio App. Lexis 3579, the petitioner asserted that his prior conviction should be declared void because the verdict forms in the underlying criminal case had not listed all of the elements of the charged offense. Without considering the exact issue of whether a verdict form must refer to all elements, this court concluded that the petitioner had not stated a viable habeas corpus claim because any error in the forms would simply be a procedural flaw which would not affect a trial court's jurisdiction over the case. We also indicated that such an error should be contested in a direct appeal from the conviction. See, also,State ex rel. Dothard v. Warden, 11th Dist. No. 2002-T-0145, 2003-Ohio-325.
 {¶ 6} Although the instant action does not involve a request for a writ of habeas corpus, both of relator's claims for relief are predicated on the assertion that the failure to require the jury to make a specific finding on the verdict form concerning the "serious physical harm" element would deprive a trial judge of jurisdiction over the criminal case. However, pursuant to Miller, even if the lack of a reference to an element on a verdict form is technically improper, it would not constitute a jurisdictional error. Accordingly, relator's allegations as to the defective in the verdict are not legally sufficient to show that a jurisdictional error occurred in the underlying criminal case.
 {¶ 7} As a general proposition, a civil action can be dismissed for failure to state a viable claim for relief when the nature of the allegations are such that, even when the allegations are interpreted in a manner most favorable to the plaintiff, they still indicate beyond any reasonable doubt that the plaintiff will not able to prove a set of facts under which he would be entitled to the requested relief. State ex rel.Smith v. Enlow (July 20, 2001), 11th Dist. No. 2000-P-0131, 2001 Ohio App. Lexis 3282. Moreover, in applying the foregoing standard, a court can consider both the allegations in the petition and any materials attached to the petition. Id.
 {¶ 8} In prior original actions in which relator's request for writs of mandamus and prohibition have been predicated upon allegations that the judge in the underlying criminal case did not have jurisdiction, this court has held that his claims can be subject to dismissal under Civ.R. 12(B)(6) when his own allegations demonstrate that the judge did have the authority to proceed. See State ex rel. Smith v. Yost, 11th Dist. No. 2003-A-0044, 2003-Ohio-4228. The same analysis would apply in this instance. Specifically, relator has failed to state a viable claim for a writ of mandamus because, since relator's allegations establish that the visiting judge had jurisdiction over him notwithstanding any error in the verdict forms, respondent would not have a legal obligation to vacate the conviction. Similarly, relator has failed to state a viable claim for a writ of prohibition because his allegations show that respondent can continue to exercise jurisdiction over the criminal case, if necessary.
 {¶ 9} Since a review of relator's entire petition readily demonstrates that he will be unable to prove any set of facts entitling him to a writ of mandamus or a writ of prohibition, this action must be dismissed under Civ.R. 12(B)(6). Therefore, it is the sua sponte order of this court that relator's entire petition is hereby dismissed.
Ford, P.J., O'Neill, J., O'Toole, J., concur.
[1] In light of our holding as to the merits of relator's two claims for relief, we will not address the issue of whether Judge Vettel was the proper party to name as respondent in this matter.